**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LIFEWATCH SERVICES INC.,

                *Plaintiff,*

    v.

BRAEMAR, INC. and

ECARDIO DIAGNOSTICS, LLC,

                *Defendants.*

Civil Action No. 09-CV-6001

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff LifeWatch Services Inc. ("LifeWatch") brings this amended complaint for patent infringement against Braemar, Inc. ("Braemar") and eCardio Diagnostics, LLC ("eCardio") (collectively, "Defendants") and alleges as follows.

**PARTIES**

1.      LifeWatch is a corporation organized under the laws of the State of Delaware with its principal place of business at 10255 West Higgins Road, Rosemont, Illinois 60018. LifeWatch is a worldwide industry leader in the field of designing, manufacturing, and selling ambulatory health monitoring solutions.

2.      Upon information and belief, Braemar is a corporation organized under the laws of the State of North Carolina with its principal place of business at 1285 Corporate Center Drive, Suite 150, Eagan, Minnesota 55121.  This action arises, in part, from Braemar's actions of infringement in, and connections to, this district.

3.      Upon information and belief, eCardio is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1442 Lake Front Circle, The Woodlands, Texas 77380.  This action arises, in part, from eCardio's actions of infringement in, and connections to, this district.

## JURISDICTION AND VENUE

4.      This case arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

5.      The Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

7.      LifeWatch is owner of all right, title, and interest in and to U.S. Patent No. 5,730,143 (the "'143 Patent") entitled "Electrocardiographic Monitoring And Recording Device."  The '143 Patent was duly issued by the United States Patent & Trademark Office on March 24, 1998, and is valid and enforceable.  A copy of the '143 Patent is attached hereto as Exhibit A.

## COUNT I
### Braemar's Infringement

8.      The allegations of paragraphs 1 through 7 are incorporated by reference as though fully set forth herein.

9.      Upon information and belief, Braemar, without authority, makes, uses, offers to sell, sells within the United States, and/or imports into the United States, products and/or software that incorporate or make use of one or more inventions covered by the '143 Patent, including but not limited to its ER920W products, eVolution products, and Fusion products,

thereby infringing, contributing to the infringement of, and/or actively inducing infringement of one or more claims of the '143 Patent.

10.     Upon information and belief, Braemar's infringement is willful and will continue unless enjoined by the Court.

## COUNT II
### eCardio's Infringement

11.     The allegations of paragraphs 1 through 10 are incorporated by reference as though fully set forth herein.

12.     Upon information and belief, eCardio, without authority, makes, uses, offers to sell, sells within the United States, and/or imports into the United States, products and/or software that incorporate or make use of one or more inventions covered by the '143 Patent, including but not limited to its eVolution products, thereby infringing, contributing to the infringement of, and/or actively inducing infringement of one or more claims of the '143 Patent.

13.     Upon information and belief, eCardio's infringement is willful and will continue unless enjoined by the Court.

## REQUEST FOR RELIEF

**WHEREFORE**, LifeWatch prays for judgment against each of the Defendants as follows:

(a)     Find that each of the Defendants have committed acts of patent infringement in violation of the Patent Act, 35 U.S.C. § 271;

(b)     Enter an injunction enjoining each of the Defendants, their officers, agents, servants, employees, and attorneys, and any other persons in active concert or participation with them, from continuing the acts herein complained of, and that each of the Defendants and such other persons be permanently enjoined and restrained from further infringing;

(c)     Require each of the Defendants to file with the Court, within thirty (30) days after entry of final judgment, a written statement under oath setting forth in detail the manner in which such Defendant has complied with the injunction;

(d)     Award LifeWatch all relief available under the patent laws of the United States, including but not limited to monetary damages, including prejudgment interest and enhanced damages, based on each of the Defendants' infringement;

(e)     Find that each of the Defendants' infringement of the '143 Patent is willful and that the damages to LifeWatch be increased pursuant to 35 U.S.C. § 284 by three times the amount found or assessed;

(f)     Find this to be an exceptional case, and award LifeWatch its costs and reasonable attorneys' fees in respect thereto in accordance with 35 U.S.C. § 285; and

(g)     Grant LifeWatch such other relief as the Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), LifeWatch demands a trial by jury on all issues so triable.

Dated:  August 5, 2010                    */s/ Jeremy P. Oczek*
                                          _____
                                          Steven R. Gilford (IL Bar No. 3121730)
                                          Catherine J. Spector (IL Bar No. 6287459)
                                          PROSKAUER ROSE LLP
                                          Three First National Plaza
                                          70 West Madison, Suite 3800
                                          Chicago, IL  60602-4342
                                          Telephone:      (312) 962-3550
                                          Facsimile:      (312) 962-3551
                                          sgilford@proskauer.com
                                          cspector@proskauer.com

                                          and

                                          Steven M. Bauer (admitted *pro hac vice*)
                                          Jeremy P. Oczek (admitted *pro hac vice*)
                                          Benjamin M. Stern (admitted *pro hac vice*)
                                          Melissa A. Siegelman (admitted *pro hac vice*)
                                          PROSKAUER ROSE LLP
                                          One International Place
                                          Boston, MA  02110
                                          Telephone:      (617) 526-9600
                                          Facsimile:      (617) 526-9899
                                          sbauer@proskauer.com
                                          joczek@proskauer.com
                                          bstern@proskauer.com
                                          msiegelman@proskauer.com

                                          *ATTORNEYS FOR PLAINTIFF*
                                          *LIFEWATCH SERVICES INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system on this 5th day of August, 2010.

                                          */s/ Jeremy P. Oczek*
                                          _____
                                          Jeremy P. Oczek