IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIFEWATCH SERVICES, INC., <br><br> Plaintiff <br><br> v. <br><br> BRAEMAR, INC, AND ECARDIO DIAGNOSTICS, LLC, <br><br> Defendants. | Case No.: 09CV6001 <br> Hon. William J. Hibbler, U.S.D.J. <br> Hon. Arlander Keys, U.S.M.J. <br><br> **JURY TRIAL DEMANDED** |

## BRAEMAR, INC.'S SEPARATE ANSWER TO AMENDED COMPLAINT

Defendant Braemar, Inc. ("Braemar"), for its Separate Answer to the Amended Complaint for patent infringement filed by plaintiff LifeWatch Services, Inc. ("LifeWatch"), states as follows:

## ANSWER

1. LifeWatch is a corporation organized under the laws of the State of Delaware with its principal place of business at 10255 West Higgins Road, Rosemont, Illinois 60018. LifeWatch is a worldwide industry leader in the field of designing, manufacturing, and selling ambulatory health monitoring solutions.

**ANSWER**: On information and belief, Braemar admits the allegations of the first sentence of paragraph 1. Braemar alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

2. Upon information and belief, Braemar is a corporation organized under the laws of the State of North Carolina with its principal place of business at 1285 Corporate Center Drive, Suite 150, Eagan, Minnesota 55121. This action arises, in part, from Braemar's actions of infringement in, and connections to, this district.

**ANSWER**: Braemar admits the allegations of the first sentence of paragraph 2. In addition, Braemar does not challenge that venue is proper in this district. Braemar denies the remaining allegations in paragraph 2.

3. Upon information and belief, eCardio is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 1442 Lake Front Circle, The Woodlands, Texas 77380. This action arises, in part, from eCardio's actions of infringement in, and connections to, this district.

**ANSWER**: Braemar denies the last sentence of paragraph 3 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3, and therefore denies these allegations.

## JURISDICTION AND VENUE

4. This case arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

**ANSWER**: Braemar admits the allegations of paragraph 4.

5. The Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338.

**ANSWER**: Braemar admits the allegations of paragraph 5.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1400.

**ANSWER**: Braemar admits the allegations of paragraph 6.

## BACKGROUND

7. LifeWatch is owner of all right, title, and interest in and to U.S. Patent No. 5,730,143 (the "'143 Patent") entitled "Electrocardiographic Monitoring And Recording Device." The '143 Patent was duly issued by the United States Patent & Trademark Office on March 24, 1998, and is valid and enforceable. A copy of the '143 Patent is attached hereto as Exhibit A.

**ANSWER**: Braemar admits that a copy of U.S. Patent No. 5,730,143 (the "'143 Patent") was attached to the Complaint as Exhibit A, and that, on its face, this Exhibit is entitled "Electrographic Monitoring and Recording Device" and recites an issue date of March 24, 1998. Braemar denies that the '143 Patent was duly and legally issued by the United States Patent and Trademark Office. Braemar is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore denies these allegations.

## COUNT I

8. The allegations of paragraphs 1 through 7 are incorporated by reference as though fully set forth herein.

**ANSWER**: Braemar incorporates by reference herein its responses to the allegations of paragraphs 1 through 7.

9. Upon information and belief, Braemar, without authority, makes, uses, offers to sell, sells within the United States, and/or imports into the United States, products and/or software that likely incorporate or make use of one or more inventions covered by the '143 Patent, including but not limited to its ER920W products, eVolution products, and Fusion products, thereby infringing, contributing to the infringement of, and/or actively inducing infringement of one or more claims of the '143 Patent.

**ANSWER**: Braemar admits that it has made, sold, and offered for sale its ER920W, eVolution and Fusion products within the United States, and denies the remaining allegations of paragraph 9.

10. Upon information and belief, Braemar's infringement is willful and will continue unless enjoined by the Court.

**ANSWER**: Braemar denies the allegations in paragraph 10 and notes that no factual basis is alleged in the Amended Complaint in support of this allegation.

## COUNT II

11. The allegations of paragraphs 1 through 10 are incorporated by reference as though fully set forth herein.

**ANSWER**: Braemar incorporates by reference herein its responses to the allegations of paragraphs 1 through 10.

12. Upon information and belief, eCardio, without authority, makes, uses, offers to sell, sells within the United States, and/or imports into the United States, products and/or software that likely incorporate or make use of one or more inventions covered by the '143 Patent, including but not limited to its eVolution product, thereby infringing, contributing to the infringement of, and/or actively inducing infringement of one or more claims of the '143 Patent.

**ANSWER**: Braemar denies the allegations of paragraph 12.

13. Upon information and belief, eCardio's infringement is willful and will continue unless enjoined by the Court.

**ANSWER**: Braemar denies the allegations in paragraph 13 and notes that no factual basis is alleged in the Amended Complaint in support of this allegation.

## ADDITIONAL DEFENSES

### FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND ADDITIONAL DEFENSE

Braemar does not infringe and has not infringed any claim of the '143 Patent, directly or indirectly.

### THIRD ADDITIONAL DEFENSE

The asserted claims of the '143 Patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, or 112.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, unclean hands, waiver, acquiescence and/or laches.

### FIFTH ADDITIONAL DEFENSE

Plaintiffs lack standing to sue for alleged infringement of the patents in the suit.

### SIXTH ADDITIONAL DEFENSE

Plaintiffs' claims for patent infringement damages, if any, against Braemar, are limited by 35 U.S.C. § 286 and/or § 287.

### SEVENTH ADDITIONAL DEFENSE

Plaintiffs fail to allege any basis whatsoever for this being an exceptional case under 35 U.S.C. § 285. Further, Braemar has engaged in all relevant activities in good faith and with

innocent intent, thereby precluding plaintiffs, even if they prevail, from recovering their reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs, before initiating this action, knew or should have known that Braemar does not infringe and has not infringed any claims of the '143 Patent. Braemar therefore is entitled to a finding that this is an exceptional case under 35 U.S.C. § 285.

**WHEREFORE**, Braemar respectfully requests that this Court dismiss the Amended Complaint with prejudice, enter judgment in Braemar's favor and against plaintiffs as to each of plaintiffs' Counterclaims previously served on LifeWatch, award Braemar the relief sought in Braemar's Counterclaims previously served on LifeWatch, award attorneys' fees to Braemar pursuant to 35 U.S.C. § 285, award Braemar its costs and expenses in connection with its defense of the Amended Complaint, and grant such further relief as the Court deems just and proper.

## JURY DEMAND

Braemar hereby demands a trial by jury on all issues so triable.

        /s/ John L. Krenn
John L. Krenn (MN ID 012493X)
Dean C. Eyler (MN ID 267491)
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center, 80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone:  (612) 632-3000
Fax:  (612) 632-4444
john.krenn@gpmlaw.com
dean.eyler@gpmlaw.com

-and-

Stacie R. Hartman (ID No. 6237265)
Luke T. Shannon (ID No. 6290734)
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606
Phone: (312) 258-5500
Fax: (312) 258-5700
shartman@schiffhardin.com
lshannon@schiffhardin.com


**ATTORNEYS FOR DEFENDANT BRAEMAR, INC.**

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 18, 2010, he electronically filed the foregoing *Braemar, Inc.'s Separate Answer to Amended Complaint* with the Clerk of court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                        /s/ John L. Krenn
                                        John L. Krenn (Admitted Pro Hac Vice)

GP:2831814 v1