# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6001 | **DATE** | September 28, 2010 |
| **CASE TITLE** | Lifewatch Serv. Inc. v. Braemer Inc. et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Lifewatch's Motion to Strike & Disqualify (doc. #88). The Court disqualifies Dr. Schwarzberg as an expert witness and strikes his declaration. The Court further instructs Defendants that they may not privately consult with or otherwise retain Dr. Schwarzberg to provide advice or assistance with regard to this litigation. Defendants are free to depose Dr. Schwarzberg and to call him during trial as a fact witness.

■[ For further details see below.]   Docketing to mail notice.

## STATEMENT

Lifewatch Services Inc. sued the Defendants alleging that they infringed on its patent, No. 5,730,143 (the 143 Patent). The Defendants moved for summary judgment. In their reply, the Defendants attach the declaration of Dr. Robert Schwarzberg, the named inventor of the 143 Patent, to serve as their expert. Ordinarily, the named inventor is a witness who is competent to explain the invention or other background information. *Voice Technologies Group, Ins. v. VMC Sys., Inc.*, 164 F.3d 605, 615 (Fed. Cir. 1999). Here, however, Lifewatch objects to the Defendants' choice in expert because Dr. Schwarzberg formerly worked for it.

Dr. Schwarzberg is the named inventor on the application for the 143 Patent. He worked for Ralin Medical when he invented Patent 143, and Lifewatch is the successor in interest to Ralin. Dr. Schwarzberg conveyed his interest in Patent 143 to Ralin Medical in 1998. The conveyance requires him to: "carry out in good faith the intent and purpose of th[e] assignment," to "testify in all legal proceedings," and to "generally do everything possible which said Assignee, its successors, assigns or representatives, shall consider desirable for aiding in securing, maintaining, and enforcing proper patent protection." Dr. Schwarzberg also signed a confidentiality agreement with Lifewatch that precludes him from using or disclosing "any confidential information of the company acquired by [him] during [his] relationship with the Company." Moreover, Dr. Schwarzberg agreed with Lifewatch not to disclose confidential information he gained while employed by Ralin. Lifweatch contends that the assignment and the confidentiality agreement warrant striking the declaration of Dr. Schwarzberg the Defendants attach to their reply in support of their summary judgment motion and barring him from serving as an expert for the Defendants.

# STATEMENT

Courts have inherent power to disqualify expert witnesses both to protect the integrity of the adversary process and to promote public confidence in the legal system. *BP Amoco Chemical Co. v. Flint Hills Res., Inc.*, 500 F. Supp. 2d 957, 959 (N.D. Ill. 2007). When a party contends that an expert should be disqualified because the expert has a conflict of interest, the party seeking disqualification must establish that: 1) a confidential relationship existed between itself and the expert; and 2) it exchanged confidential information that is relevant to the litigation with that expert. *Id.* at 960; *Bone Care Int'l LLC v. Pentech Pharm. Inc.*, No. 08 C 1083, 2009 WL 249386, at *1-2 (N.D. Ill. Feb. 2, 2009). Where policy concerns surrounding the integrity and fairness of the adversary process are sufficient, some courts have suggested that those concerns should merit disqualification regardless of the outcome of the two factor test noted previously. *See Bone Care Int'l LLC*, 2009 WL 249386 at *1-2; *Simons v. Freeport Mem'l Hosp.*, No. 06 C 50134, 2007 WL 5111157, at *2 (N.D. Ill. Dec. 4, 2008); *American Empire Surplus Lines Ins. Co. v. Care Centers, Inc.*, 484 F. Supp. 2d 855, 857 (N.D. Ill. 2007).

Lifewatch clearly had a reasonable expectation that it had a confidential relationship between itself and Dr. Schwarzberg. It, in fact, had a written confidentiality agreement. Defendants do not seriously dispute that Lifewatch has met the first part of the test.

With regard to the second part of the test, courts have disqualified experts in patent infringement cases where the expert has gained confidential information concerning the patent or technology at issue in the litigation. *See Bone Care Int'l LLC*, 2009 WL 249386, at *2 (collecting cases); *see also 3D Sys., Inc. v. Envisiontec, Inc.*, 2008 WL 4449595, at *2 (E.D. Mich. Oct. 1, 2008); *Eastman Kodak Co. v. AGFA-Genvaert N.V.*, 2003 WL 23101783, at *2 (W.D.N.Y. Dec. 4, 2003). Defendants attempt to blur the standard for disqualification, asserting that Lifewatch has not pointed to any confidential information that Dr. Schwarzberg actually relied upon in his declaration. See Resp. at 5-6. Of course, Lifewatch need not demonstrate that Dr. Schwarzberg actually leaked confidential information in his possession. Rather, it need only demonstrate that he has such information.

In this case, the Court can arrive at no conclusion other than that Lifewatch passed confidential information to Dr. Schwarzberg. Dr. Schwarzberg is the sole named inventor on the 143 Patent. Although Dr. Schwarzberg did not work for Lifewatch during the patent application process, he worked for Lifewatch's parent company, Ralin. Lifewatch purchased all of Ralin's assets, and one of those assets was the 143 Patent and, more importantly, Ralin's ability to protect it. Dr. Schwarzberg, in fact, agreed to keep confidential all information learned while he was employed by Ralin. Moreover, Dr. Schwarzberg worked at Lifewatch for nine years while it held the 143 Patent. This is not a case where one firm briefly retained an expert or retained an expert in previous litigation where there is little risk that confidential information relevant to the pending suit was shared. *See, e.g., Chamberlain Group, Inc. v. Interlogix, Inc.*, No. 01 C 6157, 2002 WL 653893, at *2-3 (N.D. Ill. Apr. 19, 2002). Dr. Schwarzberg worked intimately with Lifewatch for nine years, was the named inventor on the patent, and agreed to keep confidential all information he gained at Lifewatch and at Ralin. The Court finds that Lifewatch has met its burden of demonstrating that it shared confidential information with Dr. Schwarzberg.

Even if the Court were to find that Lifewatch had not shared confidential with Dr. Schwarzberg, it would

nonetheless disqualify him. Although this is not a case where an expert "switched sides" mid-litigation that would undoubtedly require disqualification, it is perilously close. Dr. Schwarzberg assigned his rights in the 143 Patent to Lifewatch (through Ralin). In that assignment, he agreed, among other things, to do *everything possible* that the Lifewatch sees as desirable in enforcing its rights in the patent — and to do so without charge to Lifewatch. The assignment also requires him to testify on behalf of Lifewatch if it so requests. And finally, it requires him to carry out his obligations under the assignment in good faith.

Dr. Schwarzberg cannot be said to be in compliance with his obligations under the assignment. In paragraph four of his declaration, he states that Lifewatch's counsel contacted him about this suit but that he declined even to discuss the case with him. That arguably breaches his obligation to testify for Lifewatch and to "do everything possible" to help Lifewatch protect its rights in the 143 Patent. But not only did Dr. Schwarzberg refuse to consult with Lifewatch's counsel, he then immediately contacted a friend of his who worked for one of the Defendants to inquire about the lawsuit. Upon learning of the Defendant's involvement in the suit, Dr. Schwarzberg agreed to provide his opinion to them at a charge of $750/hour. Dr. Schwarzberg's refusal to meet with Lifewatch's counsel and his subsequent contract with the Defendants reeks of an expert willing to sell his opinion to the highest bidder — particularly given the fact that Dr. Schwarzberg's contractual obligation to Lifewatch required him to provide testimony for it free of charge. Such testimony severely impugns the integrity of the adversary process and undermines the public's confidence in the judicial system.

The Court GRANTS Lifewatch's Motion to Disqualify. The Court disqualifies Dr. Schwarzberg as an expert witness and strikes his declaration. The Court further instructs Defendants that they may not privately consult with or otherwise retain Dr. Schwarzberg to provide advice or assistance with regard to this litigation. Defendants are free to depose Dr. Schwarzberg and to call him during trial as a fact witness.

*Wm. J. Hibbler* (signature)